UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SIXTO ALVAREZ,

                              Plaintiff,

    vs.                                                   9:11-CV-236
                                                         (NAM/ATB)

BRIAN FISCHER, *et al.*,

                              Defendants.

_____

SIXTO ALVAREZ, Plaintiff *pro se*
CHARLES J. QUACKENBUSH,
Ass't Attorney General, for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT RECOMMENDATION

      This matter was referred for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable Norman A. Mordue, United States District Judge.  In this civil rights complaint, Plaintiff alleges that defendants violated a number of his Constitutional rights while he was incarcerated at Gouverneur Correctional Facility (Gouverneur).  (Dkt. No. 1). Plaintiff seeks declaratory, injunctive, and monetary relief.  (Dkt. No. 1 at 5–6).

      Defendants filed a motion to dismiss on June 13, 2011, for, *inter alia*, failure to exhaust administrative remedies.  (Dkt. No. 14).  Plaintiff responded in opposition to defendants' motion.  (Dkt. No. 16).  This court held that for it to properly determine the issue of exhaustion, it would convert defendants' motion to dismiss to one for summary judgment pursuant to Fed. R. Civ. P. 56(b).  (Dkt. No. 21).  The parties were

given until January 9, 2012, to submit any additional materials related to the limited issue of exhaustion. (Dkt. No. 21). Defendants filed their submission on January 5, 2012. (Dkt. No. 22). Plaintiff did not file any additional submissions. For the following reasons, the court recommends granting defendants' motion, and dismissing the complaint in its entirety.

## DISCUSSION

**I.    Facts**

Plaintiff alleges that in June 2010, unidentified correction officers at Gouverneur used excessive force during an investigation of an incident between plaintiff and another inmate. (Compl. ¶¶ 11–16). Plaintiff alleges that the correction officers struck him twice in the face, choked him from behind, and punched him in the ribs. (Compl. ¶¶ 14–16). Plaintiff was then escorted to the Special Housing Unit (SHU), where a nurse observed plaintiff in his cell and stated that there was "nothing wrong." (Compl. ¶ 20).

Over the following two weeks, plaintiff allegedly "complained" to Gouverneur staff about his pain and suffering, and plaintiff was told by unidentified staff to request sick call. (Compl. ¶ 21). Plaintiff also alleges that unnamed medical staff ignored his medical needs and failed to use an interpreter to help them understand plaintiff's complaints. (Compl. ¶ 21).

While in the SHU, another inmate asked the SHU officer if he could pass

plaintiff some ibuprofen for his pain. (Compl. ¶ 22). The SHU officer became annoyed with plaintiff and asked him why he was causing a disturbance. (Compl. ¶ 23). Plaintiff received a misbehavior report for the incident and participated in a Tier II hearing with the help of an interpreter. (Compl. ¶¶ 24–26). Plaintiff alleges that after he explained in the Tier II hearing what had happened prior to his arrival at the SHU, and what had been happening while he was in the SHU, the lieutenant commenced an investigation by having pictures taken of plaintiff and having a bilingual health professional interview plaintiff. (Compl. ¶¶ 26–28).

Plaintiff alleges that because of this investigation, the SHU staff retaliated by searching plaintiff's cell. (Compl. ¶¶29–31). Unidentified correction officers placed handcuffs on plaintiff so tightly that his wrists were bruised and swollen. (Compl. ¶ 29–31). Plaintiff alleges that his subsequent requests to see medical staff were ignored. (Compl. ¶ 32). Plaintiff alleges that he appealed the Tier II hearing determination and was denied relief. (Compl. ¶ 34).

## II.     Legal Standard for Summary Judgment

Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006). "Only disputes over ['material'] facts that might affect the outcome of the suit under the governing law will properly preclude the entry of

summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994).

The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Salahuddin v. Goord*, 467 F.3d at 273. In that context, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the movant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Salahuddin v. Goord*, 467 F.3d at 272. "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (citing, *inter alia*, *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (a court is to read a *pro se* party's "supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest")).

"However, a *pro se* party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

## II.   Exhaustion of Administrative Remedies

### A.   Legal Standards

The Prison Litigation Reform Act, (PLRA), 42 U.S.C. §1997e(a), requires an inmate to exhaust all available administrative remedies prior to bringing a federal civil rights action. This requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and regardless of the subject matter of the claim. *See Giano v. Goord*, 380 F.3d 670, 675–76 (2d Cir. 2004) (citing *Porter v. Nussle,* 534 U.S. 516, 532 (2002) (exhaustion requirement applies, *inter alia*, to excessive force claims)). Inmates must exhaust their administrative remedies even if they are seeking only money damages that are not available in prison administrative proceedings. *Id.* at 675.

The failure to exhaust is an affirmative defense that must be raised by the defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004). As an affirmative defense, it is the defendants' burden to establish that plaintiff failed to meet the exhaustion requirements. *See, e.g, Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009) (citations omitted).

5

The Supreme Court has held that in order to properly exhaust an inmate's administrative remedies, the inmate must complete the administrative review process in accordance with the applicable state rules. *Jones v. Bock*, 549 U.S. at 218–19 (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). In *Woodford*, the Court held that "proper" exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a prerequisite to bringing suit in federal court. 548 U.S. at 90–103.

The grievance procedure in New York is a three-tiered process. The inmate must first file a grievance with the Inmate Grievance Resolution Committee (IGRC). N.Y. Comp. Codes R. & Regs., tit. 7 §§ 701.5(a)(1) and (b). An adverse decision of the IGRC may be appealed to the Superintendent of the Facility. *Id*. § 701.5(c). Adverse decisions at the Superintendent's level may be appealed to the Central Office Review Committee (CORC). *Id*. § 701.5(d). The court also notes that the regulations governing the Inmate Grievance Program encourage the inmate to "resolve his/her complaints through the guidance and counseling unit, the program area directly affected, or other existing channels (informal or formal) prior to submitting a grievance." *Id.* § 701.3(a) (Inmate's Responsibility).

At the same time that the Second Circuit decided *Giano*, it also decided four other related cases, clarifying the law in the Second Circuit regarding the PLRA's exhaustion requirement, and specifying various instances in which the requirement

could be waived or excused.[1]  Based on these cases, the Second Circuit developed a "three part inquiry" to determine whether an inmate has fulfilled the PLRA exhaustion requirement.  *See Brownell v. Krom*, 446 F.3d 305, 311–12 (2d Cir. 2006) (citing *Hemphill*, 380 F.3d at 686).  The inquiry asks (1) whether the administrative remedies were available to the inmate; (2) whether defendants' own actions inhibiting exhaustion estops them from raising the defense; and (3) whether "special circumstances" justify the inmate's failure to comply with the exhaustion requirement. *Id.*

Although the Second Circuit has not explicitly held that *Hemphill* remains good law after *Woodford*, it has applied the three-part inquiry in recent cases.  *See, e.g.*, *Macias v. Zenk*, 495 F.3d 37 (2d Cir. 2007); *Davis v. State of New York*, 311 F. App'x 397, 399 (2d Cir. 2009); *Snyder v. Whittier*, 428 F. App'x 89, 91 (2d Cir. 2011).[2]  As

---

[1] *See Hemphill v. State of New York*, 380 F.3d 680 (2d Cir. 2004) (remanding case to determine if defendant's alleged threats constituted "special  circumstances" justifying plaintiff's failure to exhaust); *Abney v. McGinnis*, 380 F.3d 663 (2d Cir. 2004) (whether failure to exhaust may be justified because plaintiff obtained favorable rulings on his grievances, but the relief that he was supposed to obtain was never forthcoming); *Johnson v. Testman*, 380 F.3d 691 (2d Cir. 2004) (whether including claims in a disciplinary appeal may suffice for the exhaustion requirement); *Ortiz v. McBride*, 380 F.3d 649 (2d Cir. 2004) (complete dismissal is not required when plaintiff brings both exhausted and unexhausted civil rights claims).

[2] This court also notes that, based upon the concurring opinion in *Woodford*, it appears that the Second Circuit decisions have *not* been overruled in that respect.  In his concurring opinion in *Woodford*, Justice Breyer specifically noted that two circuits, the *Second* Circuit and the Third Circuit that have interpreted the PLRA "in a manner similar to that which the [Supreme] Court today adopts [in *Woodford*] have concluded that the PLRA's proper exhaustion requirement is not absolute." *Woodford*, 548 U.S. at 104 (citing *Spruill v. Gillis*, 372 F.3d 218, 232 (3d Cir. 2004); *Giano v. Goord*, 380 F.3d 670, 677 (2d Cir. 2004)) (Breyer, J. concurring).  Justice Breyer then stated that on remand, the lower court should "similarly" consider any claims that the inmate might have concerning whether

7

discussed below, this court finds that plaintiff has not shown that the exhaustion requirement should be excused, and thus, plaintiff's case should be dismissed.

**B.    Application**

Defendants argue that Plaintiff failed to exhaust his administrative remedies because he did not seek review of any grievances during his time at Gouverneur. (Mem. in Supp. of Defs.' R. 56 Mot. for Summ. J. on Admin. Exhaustion at 5). Attached to defendants' motion to dismiss is the declaration of Jeffery Hale (Hale Decl.), the Assistant Director of the Inmate Grievance Program with the New York State Department of Corrections and Community Supervision (DOCCS). (Dkt. No. 14-2). Assistant Director Hale stated that plaintiff submitted "no grievance appeals to the CORC at any time." (Hale Decl. ¶ 4). In addition, defendants submitted the declaration of Rebecca Loren (Loren Decl.), the Inmate Grievance Supervisor at Gouverneur. (Dkt. No. 22-3). Supervisor Loren stated that during his time at Gouverneur,[3] plaintiff "submitted no grievances on any subject." (Loren Decl. ¶ 4). Supervisor Loren also stated that plaintiff was assigned a Correctional Counselor to advise plaintiff regarding the Inmate Grievance Program at Gouverneur. (Loren Decl. ¶ 6). Supervisor Loren stated that no informal or misdirected complaints were ever received from plaintiff. (Loren Decl. ¶ 7).

---

his case "falls into a *traditional exception that the statute implicitly incorporates*." *Id.* (emphasis added). This statement implies that there are still exceptions that a court may consider.

[3] Defendants also submitted plaintiff's chronological history, which indicates that plaintiff was incarcerated at Gouverneur from March 26, 2010, to July 15, 2010. (Dkt. No. 22-4; *see also* Dkt. No. 22-3, ¶ 3).

Plaintiff does not claim that he submitted grievances, but claims that his understanding was that "exhaustion was completed by complaining on the records, having [an] investigation by the lieutent [sic], pictures taken and appealing the determination was not a grievable issue." (Pl.'s Aff. in Opp. to Mot. to Dismiss ¶ 5). It appears plaintiff is arguing that because he communicated his "complaints" to the lieutenant in the Tier II disciplinary hearing and later appealed the disposition, he has exhausted his administrative remedies or has established "special circumstances" justifying plaintiff's failure to exhaust.

Applying the three-step *Hemphill* test, it is clear that the grievance program was available to plaintiff. Defendants may "forfeit the affirmative defense of non-exhaustion . . . [if] defendants' own actions inhibit[ed] the inmate's exhaustion of remedies . . . ." *Chavis v. Goord*, 333 F. App'x at 641 (citations omitted); *see, e.g.*, *Jacoby v. Phelix*, No. 9:07-CV-872 (DNH/ATB), 2010 U.S. Dist. LEXIS 44222, at *26–28, 2010 WL 1839299, at *8–9 (N.D.N.Y. Mar. 31, 2010) (summary judgment denied where issues of fact remained as to whether plaintiff was threatened by defendants into withdrawing his grievance) (report-recommendation), *adopted*, 2010 U.S. Dist. LEXIS 44201, 2010 WL 1839264 (N.D.N.Y. May 6, 2010)). However, nothing on the record indicates that plaintiff took any action to exhaust administrative remedies through the Inmate Grievance Program, or that defendants took any action to stop him.

In *Farid v. Ellen*, the Second Circuit explained that when a civil rights claim is "so

9

interrelated" to a challenge of a disciplinary hearing, that an inmate "could not be expected to distinguish them," an appeal of the disciplinary hearing may be sufficient to exhaust the civil rights claim. *Farid v. Ellen*, 593 F.3d 233, 248 (2d Cir. 2010) (citing *Giano v. Goord*, 380 F.3d at 679)). The disciplinary hearing described by the plaintiff in this case related to the "disturbance" he caused in the SHU when another inmate was trying to pass plaintiff some ibuprofen. (*See* Compl. ¶¶ 22–24). Thus, the issues in the Tier II hearing were not at all interrelated with his claims of assault and denial of medical care, and the plaintiff was therefore required to pursue a separate grievance in order to exhaust those claims. *See Farid v. Ellen*, 593 F.3d at 248 (where the civil rights claims "involved discrete events outside the purview of a disciplinary hearing" those events should be grieved through the IGP and are not exhausted by an appeal of the disciplinary hearing).[4]

To the extent plaintiff may be arguing that his limitations with the English language limited his ability to file grievances, such limitations do not establish "special

---

[4] In *Johnson v. Testman*, the Second Circuit remanded the case to the district court to consider whether an inmate's complaints made during his disciplinary hearing provided sufficient notice to the prison officials to "allow [them] to take appropriate responsive measures." *Johnson v. Testman*, 380 F.3d at 697. However, "after *Woodford*, notice alone is insufficient because '[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance' and '[t]he prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules.'" *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) (quoting *Woodford*, 548 U.S. at 95). Because plaintiff's claims of assault, denial of medical care and subsequent alleged retaliation are not closely related to his Tier II disciplinary hearing, his appeal of that hearing does not satisfy the exhaustion requirement, and does not excuse his failure to file a grievance.

10

circumstances." *See Snoussi v. Bivona*, No. 05 CV 3133, 2010 U.S. Dist. LEXIS 110568, at *33, 2010 WL 3924255 (E.D.N.Y. February 17, 2010) (citing *Baez v. Kahanowicz*, 469 F. Supp. 2d 171, 179 (S.D.N.Y. 2007)). Plaintiff complained about alleged violations of his rights in his Tier II hearing, but did not pursue these complaints through the grievance process as required.[5] Even applying the three-step *Hemphill* inquiry, no valid explanation exists that would excuse plaintiff's failure to exhaust. No rational fact finder could determine that Plaintiff exhausted his administrative remedies, or was deterred from doing so by defendants' actions or any DOCCS employee.[6] Accordingly, it is recommended that summary judgment be **granted** as to all his claims.

**WHEREFORE**, based on the findings above, it is

---

[5] Even if plaintiff complained directly to supervisory officials, it would not constitute special circumstances. An inmate's attempt to exhaust by simply writing a letter directly to the Inspector General will not suffice to exhaust administrative remedies. *See Grey v. Spearhawk*, No. 99 CIV. 9871, 2000 U.S. Dist. LEXIS, at *5, 2000 WL 815916 (S.D.N.Y. June 23, 2000) (holding that a complaint filed directly with the Inspector General did not excuse plaintiff from "adhering to the available administrative procedures"). It has been held that "a grievance through informal channels will satisfy the exhaustion requirement if the prisoner thereby obtained a *favorable resolution* of his grievance." *Thomas v. Cassleberry*, 315 F. Supp. 2d 301, 304 (W.D.N.Y. 2004) (citations omitted) (emphasis added). The exhaustion requirement will be satisfied in that situation (which is not present in this case) because the inmate would not have any reason to appeal a favorable resolution. *Andrews v. Cruz*, No. 04 Civ. 566, 2010 U.S. Dist. LEXIS 28124, at *16, 2010 WL 1141182, at *6 (S.D.N.Y. Mar. 24, 2010) (citations omitted).

[6] *See Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) ("While it is undoubtedly the duty of district courts not to weigh the credibility of the parties at the summary judgment stage, in the rare circumstance where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete, it will be impossible for a district court to determine whether 'the jury could reasonably find for the plaintiff,' . . . and thus whether there are any "genuine" issues of material fact, without making some assessment of the plaintiff's account." (citation omitted). *See also Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) ("mere conclusory allegations or denials are insufficient to withstand a motion for summary judgment once the moving party has set forth a documentary case").

**RECOMMENDED**, Defendants' motion for summary judgment (Dkt. No. 14) be **GRANTED** and the complaint be **DISMISSED IN ITS ENTIRETY**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: January 27, 2012

/s/ Andrew T. Baxter
Hon. Andrew T. Baxter
U.S. Magistrate Judge